MAE STEFANACCI, JOSEPH STEFANACCI AND LOUIS STEFANACCI, RESPONDENTS, v. BORDEN'S FARMS PRODUCTS COMPANY, APPELLANT.

Argued March 11, 1924—Decided May 19, 1924.

1. Plaintiffs were driving in an automobile on the easterly side of a public highway and defendant's truck was being driven in a southerly direction on the westerly side. On the westerly side of the highway were located rails of an electric railway, and when the tracks reached an intersecting street they turned eastward across the highway into that street. Defendant's truck was proceeding on the rails, and, on reaching the intersecting street, it turned rapidly to the east, without any warning being given, and collided with plaintiffs' automobile. *Held*, that the question of the negligence of the defendant and of the contributory negligence of the plaintiffs were properly left to the jury to determine.

2. The only ground upon which testimony of an arrangement between an attorney and his client, by which the former was to receive a portion of the money which might be recovered in the suit, is to show the existence of a corrupt bargain between them.

3. A medical expert may be properly asked for his opinion upon a medical question upon which he, and those alike qualified, could best express an opinion; and he may also be asked if his reading and study have entered into his opinion as given.

On appeal from the Supreme Court.

For the appellant, *Heine, Bradner & Laird.*

For the respondents, *Ward & McGinnis.*

The opinion of the court was delivered by

LLOYD, J. This case grew out of a collision occurring August 31st, 1922, at the intersection of River Drive and Gregory avenue, in the city of Passaic, between a car operated by the plaintiff Joseph Stefanacci and a horse-drawn truck of the defendant. The plaintiffs claimed to be injured and were awarded verdicts by the jury in the Passaic Circuit of the Supreme Court.

The grounds of appeal are the denial of a motion for a nonsuit and alleged trial errors.

To properly consider the motion for a nonsuit a short statement of the facts the jury could deduce from the evidence is necessary. The plaintiffs were driving north on the easterly side of River Drive and the defendant's team was being driven by its employe in a southerly direction on the westerly side of the same street. On the west side of River Drive are located the rails of an electric railway, and when the railway tracks reaches Gregory avenue it turns eastward across River Drive and into that avenue. The defendant's truck was proceeding in the rails, and, reaching Gregory avenue, turned with them rapidly, and without warning, to the east. When it reached the easterly side of River Drive it collided with the plaintiffs' automobile, striking it on the left side and injuring its occupants. The motion for a nonsuit was rested on the ground that no evidence of negligence in the defendant's driver was shown, but this motion was, in the colloquy which ensued, discussed as though it embraced also the contributory negligence of the plaintiff. Without sanctioning the latter as a sufficient method of presenting the legal status of the plaintiffs' conduct to the court, it is sufficient to say that the motion was properly denied as to both grounds. There was ample evidence of negligent operation of the truck, and whether the plaintiffs should have anticipated the turn with the tracks into Gregory avenue, was peculiarly a jury question, and one which could not be assumed by the court.

During the progress of the trial Joseph Stefanacci was asked on cross-examination if he had an arrangement with Mr. Ward (his counsel) for the latter to obtain a portion of any money he might obtain. The question was overruled, and, we think, rightly. It was irrelevant to the issue, and, if introduced to affect the credibility of the witness by reason of interest, its effect would be to the contrary. Instead of establishing interest sharing with counsel the proceeds of the trial would tend to lessen that interest which the plaintiff is

otherwise presumed to have. In the case of *Railroad Co.* v. *Dailey*, 37 *N. J. L.* 526, such a question was held admissible, but only if the purpose were to show a corrupt bargain. No such claim was here made.

The remaining objections refer to rulings by the court on questions propounded to medical witnesses. One of these addressed to Dr. Kroll asked if his experience had been sufficient for him to form an opinion as to the effect a concussion of the brain could have upon a man who had an injury to the brain and thereafter suffered dizziness and loss of memory. To the question objection was made that "it lets the witness judge, and is not an opinion." Whether the witness qualified as an expert was, of course, a court question, but the extent to which his knowledge may permit him to speak on matters within the purview of his science is a medical question on which he and those alike qualified could best express an opinion. It is a form of inquiry frequently met with in the trial of causes of this nature, and seeks to elicit from the witness the possibilities in the science itself or the extent of his own attainments in the science. There are bounds to medical knowledge, and it is not improper that we should ascertain those bounds from him whose training and experience qualify him to speak. The doctor was also asked if his reading and study entered into the opinion he had given. To this, as answered in the affirmative, no objection appears in the record, but immediately following a motion was made to strike out the doctor's testimony as based on his reading and study. The motion was properly denied. It is by reading and study, as well as by experience, that the expert becomes such. To deny him the right to use these, when called as an expert witness, would be to frustrate the whole theory upon which the trained mind is admitted to express opinions in a court of justice.

The remaining assignments are covered in principle by the views herein expressed. Finding no error in the trial, the judgment is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, CLARK, McGLENNON, JJ. 12.

*For reversal*—None.